IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEE H. WAGNER,<br>       Plaintiff,<br><br>     vs.<br><br><br>DISTRICT ATTORNEY OF<br>ALLEGHENY COUNTY,<br>PENNSYLVANIA,<br>       Defendant. | Civil Action No. 11-762<br>District Judge Joy Flowers Conti |

**MEMORANDUM ORDER**

On June 9, 2011, the above-captioned case was filed in this court and was referred to a magistrate judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and the Local Rules of Court for Magistrate Judges.

The magistrate judge filed a report and recommendation on May 21, 2012 (ECF No. 43) recommending that the Motion to Dismiss (ECF No. 10) filed by defendant District Attorney of Allegheny County, Pennsylvania be granted and that the complaint be dismissed, without leave to amend. Specifically, the magistrate judge concluded that the claims were barred by the two-year statute of limitations. In the alternative, the magistrate judge concluded that this United States District Court did not have subject-matter jurisdiction over the claims of plaintiff Lee H. Wagner ("Plaintiff") as he clearly is seeking review of the decisions of the Pennsylvania courts' denial of his requests for DNA testing. Finally, the magistrate judge determined that, assuming the court did have subject-matter jurisdiction, Plaintiff failed to make sufficient factual allegations to show a plausible violation of his constitutional rights with respect to the denial of his requests for DNA testing.

Plaintiff was served with the report and recommendation at his listed address and advised that he had until June 7, 2012 to file written objections to the report and recommendation. On May 30, 2012, Plaintiff filed objections to the report (ECF Nos. 44 & 45). He raises objections to the decisions of the Post Conviction Relief Act Court and the January 24, 2007 opinion of the Pennsylvania Superior Court. Those objections are clearly time barred as discussed in the report and recommendation. In his other objections he attempts to reargue matters already adequately addressed in the report and recommendation and his arguments do not undermine the determinations set forth in the report and recommendation. For example, he argued that the denial of his fourth PCRA petition on March 21, 2011, should be the event which starts the running of the statute of limitations. That petition, however, denied his request for DNA testing because the relief he requested was time barred. A party cannot restart the running of a statute of limitations by filing a new petition after a prior petition was denied because it was time barred. VanZant v. DiGuglielmo, Civil No. 08-5111, 2009 WL 6667923, at *6 (E.D. Pa. Nov. 20 2009) (holding that the filing of a PCRA petition after the limitations period has run does not have the effect of "restarting the clock").

Accordingly, after *de novo* review of the pleadings and documents in the case, together with the report and recommendation, and the objections thereto, the following order is entered:

**AND NOW**, this 8th day of June, 2012;

**IT IS ORDERED** that defendant's motion to dismiss (ECF No. 10) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice without leave to amend.

**IT IS FURTHER ORDERED** that the report and recommendation (ECF No. 43) dated

May 21, 2012, is **ADOPTED** as the opinion of the court.

      **IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

      **AND IT IS FURTHER ORDERED** that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

      By the Court:

/s/ Joy Flowers Conti  
Joy Flowers Conti  
United States District Judge

Lee H. Wagner  
AJ-2441  
SCI Cresson  
PO Box A  
Cresson, PA 16699